

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00111-CR
No. 07-22-00112-CR

TRANDA LASHAWN MCKINNLEY AKA
TRANDA LASHAWN MCKINNEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1678603D, 1708205W, Honorable George Gallagher, Presiding

August 17, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In cause number 1678603D, Tranda Lashawn McKinnley a/k/a Tranda Lashawn McKinney, was placed on deferred adjudication community supervision for possession of a controlled substance. That occurred again later that year in cause number 1708205W. A few months later, the State moved to adjudicate guilt in both causes on the sole ground that appellant failed to successfully complete the Substance Abuse Felony Punishment Facility (SAFPF) program. After hearing testimony at a consolidated hearing, the trial

court granted the State's motion, adjudicated her guilty in both cases, and levied sentence. This appeal ensued, and four issues pend for disposition. We affirm.[1]

### *Issue Four—Third-Party Discretion*

We address appellant's fourth issue first. Through it, she argues that the trial court erroneously based the adjudication of her guilt on the decision of a third party to discharge her from the SAFPF program without examining that party's use of discretion. Such was purportedly required to assure that discretion was properly exercised. Simply put, she argues that there is no evidence of the party's discretion being properly exercised. We overrule the issue.

When a trial court makes compliance with the terms of community supervision subject to the discretion of a third party, an appellate court must examine the third party's exercise of discretion to ensure it was rational and connected to the purposes of community supervision. *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012). The State alleged, and the trial court found true, one ground for adjudicating appellant's guilt. As previously mentioned, that ground consisted of the appellant's "fail[ure] to successfully complete the Substance Abuse Felony Punishment Facility [SAFPF] program and was discharged on January 20, 2022."

Appellant testified at the revocation hearing. There, she expressly admitted that she "failed to successfully complete SAFPF." Her other testimony revealed she (1) "refused" to participate in SAFPF, (2) so "refused" because those operating it purportedly were "rude" and the program itself was "against [her] religion," and (3) would "rather go do my time in TDC before . . . [going] back there." One is hard-pressed to conclude that

---

[1] Because the Second Court of Appeals transferred this cause to the Seventh Court of Appeals, the latter is bound by the precedent of the former. TEX. R. APP. P. 41.3.

discharging a person from a program in which the individual refused to participate is irrational and disconnected to the purposes of the program or community supervision. Indeed, discharge for refusing to participate is quite logical since voluntary participation is a prerequisite to satisfactorily performing the condition of community supervision. So, contrary to appellant's suggestion, the record contains evidence illustrating that the third party's decision was rational and connected to the purposes of community supervision.

**Issues One, Two, and Three—Due Process and Confrontation Clause**

Through her first three issues, appellant asserts that the rights afforded under both the United States and Texas Constitutions to confront witnesses were denied her. This allegedly occurred when the trial court overruled her objection to a State witness testifying about the content of a report. The report described appellant's conduct at the SAFPF program, which conduct resulted in her discharge from it. The witness did not personally observe that conduct, however. So, in permitting the individual to reiterate the report's content, the trial court allegedly denied appellant the right to confront witnesses. We overrule the issues for several reasons.

First, the court from which this appeal came to us has held that the constitutional right to confront witnesses does not apply in a revocation proceeding. *See White v. State*, No. 02-21-00059-CR, 2022 Tex. App. LEXIS 1517, at *18 (Tex. App.—Fort Worth Mar. 3, 2022, no pet.) (mem. op., not designated for publication). We are bound by that precedent. TEX. R. APP. P. 41.3. So, irrespective of whether the Fort Worth Court of Appeals erred in *White*, our obligation is to follow the decision until nullified by that court or the Court of Criminal Appeals.

3

Second, we acknowledge appellant's contention that *White* allegedly dealt with confrontation under the United States Constitution. We also acknowledge her proposition that "[t]he courts interpret these provisions [that is, the confrontation clauses found in both Constitutions] to confer the same right absent a compelling reason to interpret them differently." *See Gonzales v. State*, 818 S.W.2d 756, 764 (Tex. Crim. App. 1991) (en banc) (stating the same). So, in accepting it as true, we must again hold *White* controlling. Simply put, if the rights to confront granted under both constitutions are the same and the federal document right does not extend to revocation proceedings, then, logically, the state constitutional provision does not either.

Third, appellant admitted, without objection, to the sole ground upon which the State sought to revoke her community supervision. Her having so admitted cured any harm arising from the trial court overruling her constitutionally based objection to testimony reiterating the content of the SAFPF report. *See Valle v. State*, 109 S.W.3d 500, 509–10 (Tex. Crim. App. 2003) (stating that error in the admission of evidence is cured when the same evidence comes in elsewhere without objection); *Buck v. State*, No. 07-18-00118-CR, 2019 Tex. App. LEXIS 2125, at *4 (Tex. App.—Amarillo Mar. 18, 2019, pet. ref'd) (mem. op., not designated for publication) (stating the same).

Having overruled the issues, we affirm the trial court's judgments.


Brian Quinn
Chief Justice

Do not publish.

4